### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LAMORAK INSURANCE COMPANY, ) | |
| Plaintiff, ) | |
| v. ) | C.A. No.: |
| GOSS INTERNATIONAL ) AMERICAS, LLC, ) | |
| Defendant. ) | |

### COMPLAINT

Defendant Goss International Americas, LLC and certain alleged predecessor, affiliated or subsidiary entities ("GIA") have been sued in multiple jurisdictions by claimants alleging liability for bodily injuries caused by exposure to asbestos. In turn, GIA has asserted claims for insurance coverage for these suits under insurance policies issued by a predecessor of Plaintiff Lamorak Insurance Company ("Lamorak") to Harris Corporation and Harris Graphics Corporation ("Harris Graphics"). On information and belief, GIA asserts rights under the insurance policies at issue as an alleged successor to Harris Graphics. An actual controversy exists between GIA and Lamorak with respect to the extent, if any, of insurance coverage owed by Lamorak to GIA and the parties' respective rights and obligations under the insurance policies at issue.

Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-2202, Lamorak seeks a declaration of its rights and obligations, and all available further relief in its favor, under the policies at issue with respect to GIA and the underlying asbestos bodily injury suits.

Lamorak states the following in support of this Complaint:

## NATURE OF THE ACTION

1. This action seeks a determination of the parties' rights and obligations to pay settlements, judgments and allocated loss expense in connection with asbestos bodily injury suits brought against GIA in multiple jurisdictions, including California, Illinois, Kentucky, New Jersey, New York, Ohio and Pennsylvania (the "asbestos bodily injury suits").

2. Lamorak, through its predecessor, Commercial Union Insurance Company ("Commercial Union"), issued primary general liability ("GL") and umbrella liability insurance policies to two of GIA's alleged predecessors, Harris Corporation and Harris Graphics, in effect from July 1, 1982 through April 29, 1985 (collectively, the "Commercial Union Policies" or "Policies").

3. The Commercial Union Policies provide coverage, subject to the Policies' terms, conditions and limitations, to entities that qualify as "an insured" under the Policies.

4. On Information and belief, GIA claims rights under the Commercial Union Policies as an alleged successor to Harris Graphics and based upon the contention that the underlying asbestos bodily injury suits allege liability based on that successor status.

5. Lamorak seeks a declaration from the Court as to whether GIA and the GIA related entities that have been sued in the underlying asbestos bodily injury suits qualify as insureds under the Commercial Union Policies.

6. The Commercial Union GL Policies provide coverage for settlements, judgments and allocated loss expense only in excess of the GL Policies' self-insured retention ("SIR"), and then up to the GL Policies' applicable limits of liability. The GL Policies include a $300,000

each occurrence SIR, subject to an annual aggregate SIR in amounts ranging from $1.0 million to $1.5 million.

7. The Commercial Union Policies provide further that Lamorak has no duty to defend any suit unless and until the applicable each occurrence SIR, or the annual aggregate SIR, has been paid.

8. Lamorak seeks a declaration from the Court that Lamorak has an obligation to pay settlements, judgments and allocated loss expense in connection with an asbestos bodily injury suit covered by the GL Policies only in excess of the GL Policies' $300,000 each occurrence SIR, or after exhaustion of the applicable annual aggregate SIR, and then only up to each GL Policy's applicable limit of liability.

9. Lamorak has made payments in settlement of a covered claim or claims in connection with Policy No. CY 9759-003 sufficient to exhaust that Commercial Union GL Policy's applicable aggregate limit of liability.

10. Lamorak seeks a declaration from the Court that Lamorak has no duty to defend GIA, or to pay settlements, judgments and allocated loss expense, in connection with any asbestos bodily injury suit under Commercial Union GL Policy No. CY 9759-003 on the grounds that those suits are not covered as a result of exhaustion of applicable policy limits.

11. No duty to defend an asbestos bodily injury suit attaches under the Commercial Union Umbrella Liability Policies if any other insurance policy provides insurance coverage to GIA with respect to that suit.

12. Lamorak seeks a declaration from the Court that Lamorak has no duty to defend or indemnify GIA under the Commercial Union Umbrella Liability Policies unless and until GIA establishes that no other insurance is available.

13.     GIA claims rights under Commercial Union Umbrella Policy No. CY 9759-005. Neither GIA nor Lamorak has located a copy of that policy.

14.     Lamorak seeks a declaration from the Court that Lamorak has no duties or obligations to GIA in connection with any asbestos bodily injury suit under the Commercial Union Umbrella Liability Policy No. CY 9759-005 unless and until GIA proves the terms and conditions of that Policy.

## JURISDICTION AND VENUE

15.     Plaintiff Lamorak is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

16.     Defendant GIA is a Delaware corporation with its principal place of business in Durham, New Hampshire.

17.     This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

18.     This Court has authority to grant declaratory and further relief pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL BACKGROUND

### A.     GIA and Related Entities.

20.     Upon information and belief, GIA is a large conglomerate with approximately 1,000 employees worldwide that supplies and/or manufactures printing-related services and equipment globally.

21.     Upon information and belief, through a series of corporate actions and transactions, GIA acquired certain assets and liabilities of Harris Graphics.

4

22. Upon information and belief, Harris Graphics was in the business of manufacturing and/or selling printing equipment.

23. GIA claims that the asbestos bodily injury suits allege that GIA is liable as a result of exposure to asbestos-containing materials associated with products that Harris Graphics manufactured, sold, distributed or serviced.

24. GIA asserts rights under the Commercial Union Policies as alleged successor to Harris Graphics.

### B. The Underlying Asbestos Bodily Injury Suits Against GIA.

25. GIA is a defendant in multiple asbestos bodily injury suits filed in many different states.

26. Upon information and belief, GIA asserts that its alleged liability in connection with the asbestos bodily injury suits is predicated on exposure to asbestos contained in printing products or equipment manufactured, sold, distributed, supplied or serviced by Harris Graphics.

27. Upon information and belief, GIA first became a defendant in the asbestos bodily injury suits for which it seeks coverage in 2013.

28. GIA provided first notice of various asbestos bodily injury suits to Lamorak in 2016.

### C. The Insurance Policies.

29. Commercial Union, a predecessor to Lamorak, issued the following primary GL Policies under which GIA seeks insurance coverage:

| Policy No. | Policy Period | Named Insured |
| --- | --- | --- |
| CY 9453-028 | 07/01/82 – 07/01/83 | Harris Corporation |
| CY 9759-003 | 04/29/83 – 04/29/84 | Harris Graphics |

5

| Policy No. | Policy Period | Named Insured |
|---|---|---|
| CY 9759-011 | 04/29/84 – 04/29/85 | Harris Graphics |

30. Effective April 29, 1983, Policy No. CY 9453-028 was amended by endorsement to add Harris Graphics as an insured for certain purposes.

31. Each of the Commercial Union GL Policies contains a single limit of liability that attaches only in excess of a $300,000 each occurrence SIR and an annual aggregate SIR.

32. The annual aggregate SIR of Policy CY 9759-003 is $1,000,000.

33. The annual aggregate SIR of Policy CY 9459-011 is $1,200,000.

34. The annual aggregate SIR of Policy CY 9453-028 is $1,500,000.

35. The Commercial Union GL Policies' single limit of liability endorsements provide:

> Such Single Limit shall be the Total Limit of [Commercial Union's] Liability for each occurrence with respect to all damages including allocated claims expense, including damage for care and loss of service arising out of Bodily Injury, including death, at any time resulting therefrom… .

36. The Commercial Union GL Policies provide further:

> [Commercial Union] shall be liable only for the amount of damages payable which is in excess of the retention amount up to the applicable Limit of Liability… .

37. The Commercial Union GL policies each include a $1,000,000 each occurrence single limit of liability and an annual aggregate limit of liability ranging from $1,000,000 to $1,500,000.

38. The Commercial Union GL Policies define covered damages to include "allocated claims expense:"

> The Term "Damages" means the sum or sums which the Named Insured shall become legally obligated to pay in settlement or satisfaction of claims, suits or

judgments after making deductions for all salvages and recoveries <u>and shall include allocated claims expense</u>.

(Emphasis in original).

39.     The Commercial Union GL Policies define allocated claims expense to "mean the expenses incurred by the Insured or [Lamorak] in connection with the investigation of accidents, adjustment of claims and the settlement or trials of suits which would not be included in the work ordinarily done by a Claims Department, this including amounts actually paid by [Lamorak] or the insured."

40.     The Commercial Union GL Policies state that Lamorak's obligation to pay damages and expenses is only in excess of the applicable SIR:

> In consideration of the premium for which this policy is issued, it is agreed that [Commercial Union's] obligation to pay on behalf of the Insured, all sums which the Insured shall become legally obligated to pay as damages and expenses in accordance with the insurance provided by this policy including all endorsements forming a part hereof is in <u>Excess</u> of the Retained Limit.

(Emphasis in original).

41.     The Commercial Union GL Policies also provide for a defense of claims or suits upon exhaustion of the annual aggregate SIR:

> [Commercial Union's] right and Duty to defend any suit against the Insured seeking Damages shall apply solely as follows:
>
> 1. If the amount of the Settlement or Judgment including Allocated Claims Expense <u>Exceeds The Self-Retained Sum</u> stated in the Schedule, the Allocated Claims Expense in connection therewith shall be borne by the Insured and the Company in the same proportion as their respective liability under this policy for the Judgment or Settlement.
>
> 2. If the amount of the Judgment or Settlement including Allocated Claims Expense does not <u>Exceed The Self-Retained</u> sum stated in the Schedule, the Allocated Claims Expense incurred in connection with the occurrence shall be borne entirely by the Insured.

7

3. When the sum of All Claims or Suits seeking damages caused by a number of occurrences exceed the Aggregate Retained Limit [Commercial Union] shall have the right and duty to defend such claim or suit even in any of the allegations of the Claim or Suit are groundless, false or fraudulent and may make such investigation and Settlement of the Claim or Suit as it deems expedient.

4. Nothing contained herein shall obligate the Company to pay Claim or Judgment after the applicable Limit of Liability as Stated in endorsement #2 has been exhausted by payment of Judgment or Settlement.

(Emphasis in original).

42. The Commercial Union GL Policies defines Aggregate Retained Limit as:

The aggregate retained limit means the aggregate of those amounts which are paid by or on behalf of the insured for the following:

1) Settlements or Judgments including allocated claims expenses within the retained limit for insurance afforded by this policy and all endorsements forming a part thereof.

2) The determination of the applications of the aggregate retained limit shall be made from the paid loss records, including allocated claim expenses of the Insured in accordance with the quarterly reports furnished [Commercial Union] by the Insured.

43. As a result of payments made in settlement of a claim, the applicable annual aggregate $1,000,000 limit of liability of Commercial Union GL Policy No. CY 9759-003 has been exhausted.

44. Commercial Union issued the following Umbrella Liability insurance policies under the GIA seeks insurance coverage:

| Policy No. | Policy Period | Insured |
|---|---|---|
| CY 9453-026 | 07/01/82 – 07/01/83 | Harris Corporation |
| CY 9759-005 | 04/29/83 – 04/29/84 | Harris Graphics |
| CY 9759-014 | 04/29/84 – 04/29/85 | Harris Graphics |

8

45. Neither Lamorak nor GIA has been able to locate a copy of Commercial Union Umbrella Liability Policy No. CY 9759-005.

46. Commercial Union Umbrella Liability Policy Nos. CY 9453-026 and CY 9759-014 provide that Lamorak has an obligation to defend only those suits "[w]ith respect to an occurrence which is not covered by any policy of underlying insurance set forth in Item 3 of the Declarations… and to which there is no other insurance in any way applicable … ."

47. Commercial Union Umbrella Liability Policy Nos. CY 9453-026 and CY 9759-014 contain "other insurance" conditions stating:

> If other valid and collectable insurance with any other insurer is available to the insured covering a loss also covered by this policy, other than insurance that is specifically stated to be in excess of this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance.

48. If Commercial Union Umbrella Policy No. CY 9759-005 was issued using the same policy forms as Commercial Union Umbrella Liability Policy Nos. CY 9453-026 and CY 9759-014, then it also would contain the provisions set forth in paragraphs 47 and 48 above.

## COUNT I
### (Declaratory Judgment – No Coverage to Non-Insureds)

49. Lamorak incorporates by reference the allegations set forth in paragraphs 1 through 48 of this Complaint as if specifically set forth herein.

50. GIA has demanded that Lamorak defend and indemnify it in connection with the asbestos bodily injury suits.

51. The Commercial Union Policies provide coverage, subject to the Policies' terms, conditions and limitations, to entities that qualify as "insureds."

52. GIA is entitled to coverage, subject to the Commercial Union Policies' terms, conditions and limitations, only if and to the extent that GIA and/or the related entity named in each suit is a corporate successor to Harris Graphics.

53. GIA has not established its status as an insured under the Commercial Union Policies.

54. An actual controversy exists between Lamorak and GIA regarding whether GIA and/or the related entities named in the underlying suits is an insured in connection with the asbestos bodily injury suits.

55. Pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Lamorak asks the Court to enter a declaratory judgment that it is not entitled to coverage unless and until GIA establishes that GIA and/or the related entities named in the underlying suits is an insured under one or more of the Commercial Union Policies.

## COUNT II
### (Declaratory Judgment – Exhaustion of GL Policy No. CY 9759-003)

56. Lamorak incorporates by reference the allegations set forth in paragraphs one through 55 of this Complaint as if fully set forth herein.

57. Lamorak has no duties or obligations to any alleged insured under Commercial Union GL Policy No. CY 9759-003 after the aggregate limit of liability has been exhausted.

58. The aggregate limit of Commercial Union GL Policy No. CY 9759-003 has been exhausted by claim settlement payments.

59. An actual controversy exists between Lamorak and GIA as to whether Lamorak has any further duties or obligations in connection with Commercial Union GL Policy No. CY 9759-003 in connection with the asbestos bodily injury suits.

60. Pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Lamorak is entitled to a declaration that it has no duties or obligations to any alleged insured under Commercial Union GL Policy No. CY 9759-003 in connection with the asbestos bodily injury suits.

## COUNT III
### (Declaratory Judgment – Exhaustion of Each Occurrence SIR of GL Policy Nos. CY9453-028 and CY 9759-011)

61. Lamorak incorporates by reference the allegations set forth in paragraphs 1 through 60 of this Complaint as if specifically set forth herein.

62. Commercial Union GL Policy Nos. CY 9453-028 and CY 9759-011 provide coverage for settlements, judgments and allocated loss expense only in excess of the Commercial Union GL Policies' $300,000 each occurrence SIR in connection with that asbestos bodily injury suit.

63. Lamorak has no obligation to indemnify GIA for settlements, judgments and allocated claim expense in connection with an asbestos bodily injury suit unless and until GIA establishes it has paid settlements, judgments and allocated loss expense in excess of Commercial Union GL Policy Nos. CY 9453-028 and CY 9759-011's each occurrence $300,000 SIR.

64. An actual controversy exists between Lamorak and GIA as to what amounts should be applied to satisfy the $300,000 each occurrence SIR (or SIRs) to Commercial Union GL Policy Nos. CY 9453-028 and CY 9759-011's $300,000 each occurrence SIR with respect to each underlying suit.

65. Pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Lamorak is entitled to a declaration that the Commercial Union GL Policy Nos. CY

9453-028 and CY 9759-011 do not include an obligation to pay settlements, judgments and allocated loss expense until GIA has paid the applicable each occurrence SIRs.

## COUNT IV
### (Declaratory Judgment – No Duty to Defend Until Policy Nos. CY 9453-028 and CY 9759-011's Annual Aggregate SIR Have Been Paid)

66. Lamorak incorporates by reference the allegations set forth in paragraphs 1 through 65 of this Complaint as if specifically set forth herein.

67. Commercial Union GL Policy Nos. CY 9453-028 and CY 9759-011 provide that Lamorak has no duty to defend any suit unless and until the applicable Commercial Union GL Policy's annual aggregate SIR has been paid.

68. An actual controversy exists between Lamorak and GIA over what amounts are to be applied towards exhaustion of Commercial Union GL Policy Nos. CY 9453-028 and CY 9759-011's annual aggregate SIRs. GIA contends that the exhaustion calculation should be made by totaling up the amounts sought as damages by the underlying asbestos bodily injury claimants. Lamorak contends that exhaustion calculation is based upon the total of settlements, judgments and allocated claim expense actually paid by GIA in connection with the underlying actions.

69. Pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Lamorak is entitled to a declaration that it has no obligation to defend GIA under Commercial Union GL Policy Nos. CY 9453-028 and CY 9759-011 in connection with any asbestos bodily injury suit unless and until GIA has paid covered settlements, judgments and allocated claim expense in excess of the applicable annual aggregate SIR of that Policy.

## COUNT V
### (Declaratory Judgment – No Coverage Available Unless GIA Establishes the Terms and Conditions of Commercial Union Umbrella Liability Policy No. CY 9759-005)

70. Lamorak incorporates by reference the allegations set forth in paragraphs 1 through 69 of this Complaint as if specifically set forth herein.

71. GIA is not entitled to coverage under Commercial Union Umbrella Liability Policy No. CY 9759-005 in connection with any asbestos bodily injury suit unless and until GIA proves the terms and conditions of Commercial Union Umbrella Liability Policy No. CY 9759-005.

72. An actual controversy exists between Lamorak and GIA as to the terms and conditions of Commercial Union Umbrella Liability Policy No. CY 9759-005.

73. Pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Lamorak is entitled a declaration that it has no duties or obligations to GIA under Commercial Union Umbrella Liability Policy No. CY 9759-005 in connection with any asbestos bodily injury suit because GIA has not established the terms, conditions and other content of Commercial Union Umbrella Liability Policy No. CY 9759-005.

## COUNT VI
### (Declaratory Judgment – No Duties or Obligations Under Commercial Union Umbrella Liability Policies Until Exhaustion of All Applicable Other Coverage)

74. Lamorak incorporates by reference the allegations set forth in paragraphs 1 through 73 of this Complaint as if specifically set forth herein.

75. Upon information and belief, all of the Commercial Union Umbrella Liability Policies require exhaustion of all applicable other insurance before any umbrella policy obligations, including a defense obligation, attach.

76. Upon information and belief, of all other insurance applicable to GIA's asbestos bodily injury suits has not been exhausted.

77. An actual controversy exists between Lamorak and GIA over whether all other insurance applicable to GIA's asbestos bodily injury suits has been exhausted.

78. Pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Lamorak is entitled to a declaration that it has no duties or obligations to GIA in connection with the asbestos bodily injury suits under the Commercial Union Umbrella Liability Policies because all applicable other insurance has not been exhausted.

## **DEMANDS FOR RELIEF**

WHEREFORE, Lamorak requests Judgment as follows:

(A) On Count I, enter a declaration that GIA is not entitled to coverage unless and until it establishes that it is an insured under the Commercial Union Policies;

(B) On Count II, enter a declaration that Lamorak has no duties or obligations to GIA under Commercial Union GL Policy No. CY 9759-003 in connection with GIA's' asbestos bodily injury suits because the aggregate limit of Commercial Union GL Policy No. CY 9759-003 has been exhausted;

(C) On Count III, enter a declaration that the Commercial Union GL Policy Nos. CY 9453-028 and CY 9759-011 provide coverage for settlements, judgments and allocated loss expense paid in excess of the applicable each occurrence $300,000 SIRs.

(D) On Count IV, enter a declaration that Lamorak has no obligation to defend GIA under Commercial Union GL Policy Nos. CY 9453-028 and CY 9759-011 in connection with any asbestos bodily injury suit unless and until GIA has paid covered settlements, judgments and claim expenses in the amount of the applicable annual aggregate SIR for that Policy;

(E) On Count V, enter a declaration that Lamorak has no duties or obligations to GIA under Commercial Union Umbrella Liability Policy No. CY 9759-005 because GIA has not established the terms, conditions and other content of that Policy;

(F) On Count VI, enter a declaration that Lamorak has no duties or obligations to GIA in connection with the asbestos bodily injury suits under Commercial Union Umbrella Liability Policies unless and until all applicable other insurance has been properly exhausted; and

(G) Grant such other and further relief in favor of Lamorak as the Court deems appropriate and just.

**LAMORAK INSURANCE COMPANY**,
By its attorneys,

*/s/ Peter C. Netburn*
Peter C. Netburn
pnetburn@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
    & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050 (T)
(617) 728-0052 (F)

Dated: December 16, 2019
h0132607.docx